JARDINE et al. v. LONG.

Patent Appeal No. 2996.

Court of Customs and Patent Appeals.

May 31, 1932.

Richey & Watts, of Cleveland, Ohio (F. O. Richey and F. M. Bosworth, both of Cleveland, Ohio, Donald A. Gardiner, of Washington, D. C., and H. F. Schneider, of Cleveland, Ohio, of counsel), for appellants.

George Rex Frye, of Detroit, Mich., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The insistence of appellants in this controversy is that there should be a reversal by this court of the decision of the Board of Appeals of the United States Patent Office; which affirmed the decision of the Examiner of Interferences awarding priority to Long, solely upon the facts.

In the reasons of appeal there are twenty assignments of error, but the substance of all these is that the evidence in behalf of Long, being entirely oral and supported by no corroborating documents or proper physical exhibits, should be held insufficient, under the law of evidence, to sustain his contentions.

It is well understood that this court follows the practice common to all appellate tribunals in cases such as this, and refuses to disturb decisions of the tribunals below upon findings of fact, unless fully convinced that such findings are not in accord with the weight of the evidence when such evidence is fairly weighed and construed.

It is also realized, we are sure, that where it appears that the tribunals originally hearing the case made a careful and painstaking scrutiny of the evidence, and that the intermediate appellate tribunal examined and independently weighed the same testimony, with the result that both reached the same conclusion, for the same reasons, then the burden of one appealing to convince us of error in their decisions is very great.

Having these two general and well-known principles in mind, we proceed to consider the issues raised.

The interference was declared upon two counts, reading as follows:

"1. A piston for an internal combustion

engine comprising an integral head and skirt, cylinder engaging bearing walls in the skirt, and a yieldable portion in one of the said bearing walls varying in wall thickness in the direction of its circumferential length from a maximum at its point of support to a minimum at its free end.

"2. A piston for an internal combustion engine comprising a head and a skirt, the skirt having a plurality of flexible circumferentially extending portions varying uniformly in wall thickness in the direction of their free ends."

These counts were claims 1 and 4 of a patent No. 1,580,491, issued to Jardine and Jehle April 13, 1926, upon an application filed May 2, 1921. An application of Long, filed January 17, 1921, was copending with that of Jardine and Jehle, which was held to cover the subject-matter of said claims. So, the issue of patent to Jardine and Jehle was inadvertent. Long copied the claims which became the counts when the interference was declared.

In their preliminary statement Jardine and Jehle claimed conception on or about November 11, 1919, with reduction to practice on or about March 11, 1920. Long claimed conception on or about September 1, 1918, with reduction to practice on or about October 5, 1918. It is thus to be observed that Long's claimed date for reduction to practice antedated the claimed date of Jardine and Jehle even for conception.

The tribunals of the Patent Office did not assign specific dates to either party in their findings, same not being necessary because of their finding that Long did reduce to practice before his adversaries claimed conception.

Appellants, as has been stated, attack the sufficiency of the evidence to justify this finding.

The testimony in behalf of Long was all oral. No contemporaneous drawings by him were produced, nor were any pistons fulfilling the requirements of the counts, claimed to have been made by or for Long and used in reducing to practice, placed in evidence.

It seems to be true that, as stated in the brief for appellants: " * * * the party Long produces no device or piston or drawing which can be proven to have been in existence prior to his filing date."

But, while the foregoing is the virtually admitted condition of the record as to Long's proofs, we have not been cited to any authority in which the courts have held that oral testimony alone may not be relied upon

to establish such facts as Long here sought to establish. Indeed, it is so well known that the rule is to the contrary, as in reason it should be, that no citations are deemed necessary upon the point. Learned counsel for appellants does not claim it to be otherwise, but he does insist: "The rule in this Court and the Federal Courts, from the Supreme Court down, * * * is that he who seeks to prove priority carries a heavy burden and must do so by at least a preponderance of evidence. The rule regarding oral evidence is particularly severe because witnesses are prone, as the Supreme Court has said, to torture or to actually fabricate testimony to establish the earlier use of a later device and, since the evidence is all within the compass of the party undertaking to prove priority, the opponent has little or no opportunity to correct either tortured or fabricated testimony."

Numerous authorities beginning with the Barbed Wire Patent Case, 143 U. S. 275, 12 S. Ct. 443, 450, 36 L. Ed. 154, and running through Union Trust Co. v. White Motor Co. (D. C.) 22 F.(2d) 816, with their included citations, are brought to our attention in support of the argument last above quoted from appellant's brief.

We think they amply support said argument and that the doctrine is not only well established, but sound. However, this doctrine, in the final analysis, means only that when oral testimony alone is produced to prove the facts necessary to establish priority, such testimony will be most carefully scrutinized, in the light of human experience and under such knowledge of human nature as the courts possess, and that all circumstances surrounding the transaction will be most carefully looked to in bringing the mind to a conclusion as to what the truth really is.

A careful study of the concurring decisions of the tribunals of the Patent Office convinces us that both tribunals were, in considering the testimony in the instant case, fully conscious of the rule, and that they did, with great particularity and care, scrutinize, consider, and analyze the testimony. Practically every weakness which the brief of appellants comments upon was clearly pointed out in the decision of the Examiner of Interferences, and, in the main, repeated in the decision of the Board of Appeals.

Notwithstanding these weaknesses and defects, however, the tribunals of the Patent Office, each acting for himself or itself, concurred in holding the oral testimony sufficient to establish Long's contentions, and we are

unable to bring ourselves to a satisfactory conclusion that such holding was manifestly wrong.

One circumstance which merits comment on our part is very earnestly stressed by counsel for appellants. That is the fact that Long, between September, 1918 (his claimed date of conception of the invention at issue), and January 17, 1921 (the filing date of the involved application), filed numerous applications for inventions relating to pistons, in several of which he might properly have disclosed, but did not disclose or claim, the invention. Also it is pointed out that he waited long to file the independent application for it.

It is argued that his failure to file an application for this, while he was filing so many others relating to the very same art, is a circumstance weighing against the claim that he was, in fact, in possession of the invention.

The circumstance, particularly as a matter of first impression, does tend somewhat to prejudice Long's case, and in cases such as Halbleib et al. v. Bendix et al., 50 App. D. C. 247, 270 F. 683, as well as in other cases cited by appellants, the courts have made comment upon somewhat, but not wholly, analogous facts.

Notwithstanding this, however, there is no claim here that what Long did was an abandoned experiment, nor is any question of diligence involved. The effort is, broadly, to cast such doubt upon his having ever invented this particular piston, or, at least, having invented it at any time which would bring him in legal conflict with appellants, that his claim to priority will fall.

Noting the contentions of appellants upon this point the Board of Appeals said: " * * * Where reduction to practice has been accomplished, we do not consider that the filing of several applications in the meantime constitutes any possible ground of estoppel or under the circumstances found here, of indicating that Long's first piston was an abandoned experiment."

It is argued by appellants that the quoted expression indicates that the board failed to consider the *negative* force and effect of Long's failure, and we are urged to consider it. We have considered it, and we apprehend the board did likewise and that it concluded that the negative force of his failure to file an application was not sufficient to outweigh the positive, even though only oral, testimony as to his reduction to practice.

We are not able to find in the record any evidence deemed sufficient to justify a conclusion that Long derived knowledge of the Jardine and Jehle device through the Franklin Company, or otherwise.

As has been stated, the case has been presented to this court as involving issues of fact solely. We have dealt with it wholly upon that basis, giving careful attention to appellants' criticisms, and to the authorities cited.

To repeat the very full review made by the tribunals of the Patent Office in which all the salient testimony was either paraphrased or directly quoted, would present nothing of public interest of importance and would merely unduly lengthen this opinion.

The decision of the Board of Appeals is affirmed.

Affirmed.